## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GREGORY ERNEST PATE,

      Plaintiff,

v.                                            Case No. 8:07-CV-2314-T-30TGW

CLERK OF THE COURT,
10th Judicial District, et al.,

      Defendants.

_____/

# ORDER

On December 20, 2007, Plaintiff, an inmate incarcerated at Apalachee Correctional Institution in Sneads, Florida, filed a civil rights complaint *pro se* (Dkt. 1), and an Affidavit of Indigency in support of his request to proceed in this action *in forma pauperis* (Dkt. 2).[1] On February 4, 2008, he filed his Motion for Order Directing Service (Dkt. 5) in which he asked the Court to order the U.S. Marshal to serve his complaint upon Defendants.

The Magistrate Judge conducted an initial screening of the Complaint pursuant to 28 U.S.C. § 1915 and recommended that the complaint be dismissed, and Plaintiff granted leave to file an amended complaint (Dkt. 7). The Court adopted the Magistrate Judge's Report and Recommendation, dismissed Plaintiff's complaint, and granted Plaintiff thirty days to file an amended complaint (Dkt. 8).

---

[1]The Plaintiff has been granted leave to proceed *in forma pauperis* (Dkt. 10).

On May 9, 2008, Plaintiff filed his Amended Complaint (Dkt. 9).  On June 2, 2008, Plaintiff filed his Motion for Order Directing Service (Dkt. 11) in which he asks the Court to issue an order directing service of process upon Defendants.

## Standard of Review

Because Plaintiff filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . .  On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2).  Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid.  *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals

under section 1915(e)(2)(B)(ii).").

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys").  A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

### Plaintiff's Allegations

The Plaintiff provided the following information in the Amended Complaint.

## A. Defendants

The Plaintiff named the following Defendants:

1. Richard M. Weiss, Clerk of the Court, Tenth Judicial Circuit, Polk County, Florida;

2. Caroline Swanson, Deputy Clerk, Tenth Judicial Circuit, Polk County, Florida;

3. Donald Hestton, Supervisor, Florida Department of Parole and Probation;

4. Temeka Spradley, Probation Officer, Florida Department of Parole and Probation.

## B. Factual Allegations

Plaintiff alleges the following in his Amended Complaint:

3

1.  On November 30th, 1979, the Plaintiff was arrested by the Polk County Sheriffs Office for kidnapping (count I) and strong-armed rape (count 2).

2.  On April 25th, 1980, the Plaintiff was found guilty of kidnapping and not guilty of strong-armed rape.

3.  However, the clerk of court for the 10th Judicial Circuit, in and for Polk County, incorrectly informed several individuals and agencies (including the Florida Department of Corrections; the Florida Crime Information Center and the National Crime Information Center) that the Plaintiff was convicted of strong-armed rape.

4.  On August 2nd, 2005, the Plaintiff was arrested by the Lady Lake Police Department for driving under the influence and other traffic offenses.

5.  Plaintiff entered a plea and was sentenced to four (4) years probation for the aforementioned charges.

6.  While on probation in Leesburg, Florida, Plaintiffs probation officer was Mr. David Crane.

7.  Subsequently, Plaintiff's probation was transferred, without explanation, from the Leesburg division to the Tavares division.

8.  Therefore, Mr. Donald Hestton was assigned as Plaintiffs probation officer.

9.  Shortly afterward, the plaintiff inquired as to why he had been transferred to the Tavares division, because the Leesburg division was closer to his home. Plaintiff was informed that his case had been transferred due to a case overload

4

in the Leesburg division.

10.  In April or May of 2006, Mr. Hestton was promoted to supervisor and the Plaintiff was assigned another probation officer, Ms. Stephanie Taylor.

11.  Upon reporting to Ms. Taylor, the Plaintiff was informed that he was listed on their website as a high-risk sexual offender. This erroneous designation was based on the charges outlined in paragraph 1, supra.

12.  Plaintiff informed Ms. Taylor that this was a mistake because he had been adjudicated not guilty of strong-armed rape.

13.  After investigating the Plaintiff's claims, Ms. Taylor confirmed that the Plaintiff was correct. Ms. Taylor further stated that she would contact her supervisor, Mr. Hestton and correct the matter.

14.  Ms. Taylor also stated that the Plaintiffs classification as a high-risk sexual offender was the reason why he was transferred from the Leesburg division.

15.  After informing her supervisor, Mr. Hestton of the erroneous designation, Ms. Taylor was directed to leave the Plaintiff under the status of a sexual offender.

16.  Thereafter, Ms. Sally Streeter was assigned as Plaintiffs probation officer.

17.  Plaintiff informed Ms. Streeter that his designation as a sexual offender was erroneous.

18.  When Ms. Streeter investigated the matter, she was told to leave the Plaintiff under that designation.

19.    Subsequently, the Plaintiff was assigned to another probation officer, Ms. Temeka Spradley.

20.    As with his previous probation officer, Plaintiff explained to Ms. Spradley that his designation as a sexual offender was erroneous.

21.    Ms. Spradley, however, did not inquire into the matter and simply continued to supervise the Plaintiff as a sexual offender.

22.    On February 19th, 2007, Plaintiff was arrested for violating his probation.

23.    Upon being booked into the Lake County Jail, the Plaintiff was informed that he was listed as a high-risk sexual offender.

24.    Despite having knowledge that the plaintiffs designation as a sexual offender was erroneous, at Plaintiffs sentencing, Ms. Spradley represented to the court that the plaintiff was convicted of strong-arm rape.

25.    At all times relevant to this compliant, the defendant s were and have been acting under the color of the laws, statutes, customs, usages, and/or regulations of the State of Florida.

26.    As a direct result of the actions of the defendants, the Plaintiff has been subjected to mental pain, anguish, and suffering, as well as shame, hatred, ridicule, embarrassment and ostracism. The actions of the defendants also violated the Plaintiff's right to due process of law as guaranteed by the United States Constitution.

6

Plaintiff asserts that Defendants have violated his right to due process under the Fourteenth Amendment because "plaintiff's judgement and sentencing document has been misconstrued of him being convicted of sexual battery, when he was found not guilty of the actual charge."

For relief, Plaintiff requests:

1.      An award of nominal damages in the amount of one dollar ($1 per day);

2.      An award of compensatory damages in the amount of two hundred fifty thousand dollars ($250,000.00);

3.      A declaratory judgement stating that the actions of the defendants violated the Plaintiff's right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution;

4.      The Plaintiff also seeks relief that he be permanently stricken off the N.C.I,C., F.C.I.C., and the Department of Corrections website as a sexual offender and this crime or any other crime he has not been convicted of removed from his criminal record; and

5.      Such other relief as the Court deems just and proper.

## Discussion

The gravamen of Plaintiff's complaint appears to be that his identification on certain website registries[2] as a sex offender violates his right to due process because he was never

---

[2]Plaintiff specifically identifies the website registries as the Florida Department of Corrections; the Florida Crime Information Center and the National Crime Information Center

convicted of strong-armed rape charge.  The Eleventh Circuit has held that the stigma of being classified as a sex offender constitutes a deprivation of liberty under the Due Process Clause.  *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999)("[a]n inmate who has never been convicted of a sex crime is entitled to due process before the state declares him to be a sex offender.").

The Amended Complaint does not specifically identify any individuals who allegedly caused him to be placed on the websites without notice.  He does, however, state that "the clerk of court for the 10th Judicial Circuit, in and for Polk County, incorrectly informed several individuals and agencies (including the Florida Department of Corrections; the Florida Crime Information Center and the National Crime Information Center) that the Plaintiff was convicted of strong-armed rape."  Petitioner also alleges that in 2006, after he informed his probation officer, Ms. Taylor, that he should not be designated as a sexual offender because he was never adjudicated guilty of strong-armed rape, Defendant Hestton, a probation officer supervisor, instructed Ms. Taylor "to leave the Plaintiff under the status of a sexual offender."  Finally, Plaintiff claims that he subsequently told his latest probation officer, Defendant Spradley, that he should not be designated as a sexual offender because he was never convicted of strong-arm rape.  However, Defendant Spradley "did not inquire into the matter and simply continued to supervise the Plaintiff as a sexual offender," and after Plaintiff was arrested for violating his probation on February 19, 2007, Defendant Spradley told the court at Plaintiff's sentencing that Plaintiff had been convicted of strong-armed rape.

8

This Court is aware of three public websites that may contain criminal information about the Plaintiff.  The first is the Corrections Offender Network maintained by the FDOC at www.dc.state.fl.us.  A review of the information regarding Plaintiff on this website reveals no indication of a rape or other sexual offense. The second website is maintained by the Florida Department of Law Enforcement at www.offender.fdle.state.fl.us and is the State's public registry of sexual offenders and predators. The Plaintiff is not listed on this website. The third website is maintained by the United States Department of Justice at www.nsopr.gov and is the National Sex Offender Public Registry.  The Plaintiff is not listed in this website.

Plaintiff names Richard Weiss and Caroline Swanson as defendants in this action apparently because they are, respectively, the current Clerk of the Court and a Deputy Clerk for the Tenth Judicial Circuit Court of Florida, and Plaintiff claims that the Clerk's office notified the Florida Department of Corrections, the Florida Crime Information Center and the National Crime Information Center that Plaintiff was convicted of strong-armed rape, even though he was not convicted of the offense.[3] However, Plaintiff fails to specifically allege that Defendants Weiss and Swanson personally notified any agency that Plaintiff was convicted of strong-armed rape.  A § 1983 civil rights action requires proof of an affirmative causal connection between an official's acts or omissions complained of, and the alleged constitutional deprivation.  *Bailey v. Board of County Commissioners of Alachua County*,

---

[3]Plaintiff fails to indicate the date on which the Clerk's office allegedly notified the Florida Department of Corrections, the Florida Crime Information Center and the National Crime Information Center that Plaintiff was convicted of strong-armed rape.

956 F.2d 1112 (11th Cir.), *cert. denied*, 506 U.S. 832 (1992).  Plaintiff fails to allege an affirmative causal connection between Defendant Weiss and Swanson's acts and the alleged constitutional deprivation.

Likewise, Plaintiff fails to allege that Defendants Hestton and Spradley had any involvement in classifying Plaintiff as a sex offender or placing him on the sex offender websites.

In order for this case to proceed, the Plaintiff must file a second amended complaint to clarify (1) what individuals allegedly placed him on a website that identifies sex offenders or were otherwise involved in classifying Plaintiff as a sex offender; and (2) on what public websites the Plaintiff appears as a sex offender.

ACCORDINGLY, the Court **ORDERS** that:

1.     The **Clerk of Court** shall mail a copy of the civil rights complaint form to Plaintiff with his copy of this order.

2.     On or before **July 17, 2008**, the Plaintiff shall file a second amended complaint, which shall name, as defendants, those individuals who allegedly placed him on a website that identifies sex offenders or who were otherwise involved in classifying him as a sexual offender, and specify on what public websites the Plaintiff appears as a sex offender, and shall describe with as much precision as possible, the actions of each individual.

3.     The second amended complaint shall include all claims against all Defendants; in other words, the original or amended complaint must not be incorporated in or made a part

10

of the second amended complaint.

4.    The second amended complaint must be labeled "Second Amended Complaint"
and must show Case No. 8:07-cv-2314-T-30TGW, so that it will be filed in this case.

5.    The Plaintiff is cautioned that failure to file the required second amended
complaint within the allotted time will result in dismissal of the case without further notice.

6.    Plaintiff's Motion for Order Directing Service (Dkt. 5) and second Motion for
Order Directing Service (Dkt. 11) are **DENIED.**

    **DONE** and **ORDERED** in Tampa, Florida on June 17, 2008.


JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


SA:sfc

Copies to:
Counsel/Parties of Record