# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GREGORY ERNEST PATE,

    Plaintiff,

v.                                                Case No. 8:07-CV-2314-T-30TGW

DONALD HESTTON,

    Defendant.
_____/

## **ORDER**

Before the Court are Plaintiff's Third Amended Complaint (Dkt. 42), Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint and Incorporated Memorandum of Law (Dkt. 46), and Plaintiff's response to Defendant's Motion to Dismiss Third Amended Complaint (Dkt. 50).

## Discussion

**Standard of Review**

Defendant contends that Plaintiff's Third Amended Complaint fails to state a claim upon which relief may be granted. In reviewing a motion to dismiss under Rule 12(b)(6), a court must "constru[e] the complaint in the light most favorable to the plaintiff and accept[] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must include sufficient factual

allegations "to raise a right to relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims. *Id*. (internal quotation marks omitted). "It is sufficient if the complaint succeeds in identifying facts that are suggestive enough to render [the claim] plausible." *Id*.(internal quotation marks omitted). Taking the allegations in Plaintiff's Third Amended Complaint as true, the Court finds that Plaintiff has stated a claim for a denial of due process.

**Analysis**

> We have held that "the stigmatizing effect of being classified as a sex offender constitutes a deprivation of liberty under the Due Process Clause." *Kirby v. Siegelman*, 195 F.3d 1285, 1292 (11th Cir. 1999). Therefore, "[a]n inmate who has never been convicted of a sex crime is entitled to due process before the state declares him to be a sex offender." *Id*.

*Robinson v. Satz*, 260 Fed. Appx. 209, 213 (11th Cir. Fla. 2007).

Plaintiff's Third Amended Complaint essentially alleges that he was never convicted of a sex crime, and therefore, he should not have been identified as a sex offender and posted on a website[1] as a sex offender. Plaintiff was not notified or given a hearing prior to being classified as a sex offender. When he learned from his probation officer that he had been classified as a sex offender and listed as a sex offender on the website, he informed the probation officer that his classification as a sex offender was a mistake. The probation officer agreed, and informed the Defendant of the error. Despite knowing that Plaintiff was

---

[1] The Court notes that upon review of the three public websites that the Court is aware of that may contain information identifying Plaintiff as a sex offender, the Court did not see Plaintiff's name on any of those websites. If Plaintiff has never been designated as a sex offender or identified on a sex offender website, then his claim has no merit and summary judgment would be proper. That fact, if it is a fact, cannot be ascertained from the record as it now stands.

erroneously classified as a sex offender, and despite having the authority to correct the error, Defendant refused to correct the error. As a result of Plaintiff being designated a sex offender and being identified on the website as a sex offender, Plaintiff was forced to leave his church, was harassed in his community and workplace, was denied an employment opportunity, and Plaintiff's family and girlfriend were harassed by other people in the community.

Pursuant to *Kirby*, Plaintiff was entitled to due process before he was classified as a sex offender and identified as a sex offender on the website. Therefore, Plaintiff has stated a valid due process claim.

**A.     Denial of a liberty interest**

Defendant argues that the Third Amended Complaint fails to state a claim for denial of due process because it does not allege the deprivation of a liberty interest. Defendant asserts that Plaintiff has only alleged that he has been stigmatized as a sex offender, and that the stigmatization alone is insufficient to constitute a protected liberty interest. Defendant is correct that "stigmatization by itself is insufficient to rise to the level of a protected liberty interest." *Smith v. Siegelman*, 322 F.3d 1290, 1296 (11th Cir. 2003). Plaintiff's Third Amended Complaint, however, alleges that "[i]n 2006, Plaintiff applied for a job as a diesel mechanic, the Plaintiff's profession. The Plaintiff was denied gainful employment, as a result of the designation [as a sex offender]." (Dkt. 42 at pg. 11). Therefore, the Third Amended Complaint alleges that as a result of being classified as a sex offender, Plaintiff was "rejected from a job due to the information on the [website]." *See Smith v. Siegleman*,

322 F.3d at 1297. The Third Amended Complaint alleges not only that Plaintiff was stigmatized as a sex offender, but also that Plaintiff lost a "more tangible interest," i.e., the loss of an employment opportunity. Accordingly, the Third Amended Complaint does allege the deprivation of a liberty interest. *Id*.

B.  **Causal Connection**

Defendant argues that the Third Amended Complaint fails to allege a causal connection between Defendant and the alleged constitutional deprivation because it fails to allege that Defendant classified Plaintiff as a sex offender. Defendant is correct that the Third Amended Complaint does not allege that Defendant was the individual who classified Plaintiff as a sex offender and identified him as a sex offender on the website. Instead, the Third Amended Complaint alleges that Defendant, a supervisor, knew that Plaintiff's designation as a sex offender was erroneous, and he had the authority to correct the erroneous designation. Defendant, however, refused to correct the error (Dkt. 42 at pgs. 9-10).

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. *Braddy v. Fla. Dep't of Labor and Employment Sec.*, 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. *Id*. at 802. A causal connection may be shown if the supervisor failed to take corrective action despite "a history of widespread abuse" or had a custom or policy that resulted in a constitutional violation, or if the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the

4

subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). *See also Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1152 (10th Cir. 2006) (Plaintiff may show causal connection between the supervisor and the constitutional violation by showing participation or acquiescence of the supervisor in the constitutional violation by the subordinates.); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (Supervisory officials may become liable for their subordinate's constitutional violation by failing to remedy a continuing wrong after having learned about it.). The Third Amended Complaint alleges that Defendant knew Plaintiff had been improperly designated as a sex offender, and that he had the authority to remove the designation, but he refused to do so and instructed Plaintiff's probation officer to keep Plaintiff designated as a sex offender (Dkt. 42 at pgs. 9-10). Therefore, the Court finds that the Third Amended Complaint alleges personal participation by Defendant in the constitutional violation. Accordingly, the Third Amended Complaint does allege a causal connection between Defendant and the alleged constitutional deprivation.

**C.      Qualified immunity**

Defendant asserts entitlement to qualified immunity.

> "[Q]ualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009) (quotation marks and citation omitted). When assessing qualified immunity cases, we consider whether a constitutional right has been violated and whether the right was clearly established by the law at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Court. 2151, 2155, 150 L. Ed. 2d 272 (2001).

*Williams v. Brown*, 2009 U.S. App. LEXIS 20193 at *15-16 (11th Cir. Sept. 10, 2009).

Although Defendant acted within his discretionary authority in refusing to correct the erroneous designation of Plaintiff as a sex offender, the law is clearly established that an inmate who has never been convicted of a sex crime is entitled to due process before the state declares him to be a sex offender. *See Kirby v. Siegelman*, 195 F.3d at 1292. The law is also clearly established that a supervisor who knows of an ongoing constitutional violation and the need to take corrective action, but fails to take corrective action, is liable for the constitutional violation. *See Cottone*, 326 F.3d at 1360. Therefore, Defendant cannot claim qualified immunity as a bar to Plaintiff's Third Amended Complaint.[2]

ACCORDINGLY, the Court **ORDERS** that:

1. Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint and Incorporated Memorandum of Law (Dkt. 46) is **DENIED**.

2. Defendant shall file an answer to the Third Amended Complaint within twenty (20) days from the date on this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 25, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Plaintiff *pro se*
Counsel of Record

---

[2]The denial of Defendant's claim to qualified immunity is without prejudice to Defendant raising qualified immunity in a motion for summary judgment when more facts are available.